**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

THOMAS G. TAYLOR,

    Petitioner,

-vs-                                                Case No.  8:05-CV-1718-T-30EAJ

DISTRICT DIRECTOR, I.N.S.,
DAVID VENTURELLA, DIRECTOR,
HQPD UNIT (I.N.S.), JAMES W. ZIGLAR,
COMMISSIONER I.N.S., and
ALBERTO GONZALES, ATTORNEY
GENERAL,

    Respondents.
_____/

**ORDER**

This cause is before the Court *sua sponte* for a review of the case file. On September 19, 2005, the Clerk mailed a Notice of Designation to Petitioner at his address of record (Dkt. 3). On September 26, 2005, the envelope was returned to the Clerk's office marked "return to sender; attempted not known; gone." The Court entered an order on October 25, 2005, regarding service of the petition. The Clerk mailed a copy of the order to Petitioner at his address of record. On November 7, 2005, the envelope was returned to the Clerk's office marked "return to sender, attempted not known." Petitioner has had no contact with this Court since he filed his petition on September 14, 2005.

The Eleventh Circuit has found that it is "fair and reasonable for [petitioner] to assume the burden of advising. . .of address changes or to take other reasonable steps to

ensure delivery. . .to his current address." *Lewis v. Conners Steel Co.*, 673 F.2d 1240 (11th Cir. 1982). *See also Dansby v. Albany County Correctional Facility Staff*, 1996 WL 172699 *1 (N.D.N.Y. 1996) (citing *Perkins v. King,* No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) ("It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.")); *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988); *Shannon v. State of Louisiana*, 1988 WL 54768 *1 (E.D. La. 1988) (citation omitted) (noting that the case could not proceed without notification to the [petitioner] and the court had no address where he could be contacted, the court held that an incarcerated [petitioner] who is released or transferred has a duty to advise the court of any address changes). There is nothing in the record indicating that any impediment exists which may have prevented Petitioner from apprising the Clerk of a change of address.

UPON consideration, the Court **ORDERS** that Petitioner shall show cause, within **FIFTEEN (15) DAYS** from the date of this order, why this case should not be dismissed for lack of prosecution, pursuant to Rule 3.10(a), Rules of the United States District Court for the Middle District of Florida (2006). Failure to comply with this order within the allotted time will result in the **dismissal** of this action **without further notice**.

**DONE** and **ORDERED** in Tampa, Florida on June 27, 2006.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
*Pro se* Petitioner
SA:jsh