**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**


THOMAS G. TAYLOR,

       Petitioner,

-vs-                                                    Case No.  8:05-CV-1718-T-30EAJ

DISTRICT DIRECTOR, I.N.S.,
DAVID VENTURELLA, DIRECTOR,
HQPD UNIT (I.N.S.), JAMES W. ZIGLAR,
COMMISSIONER I.N.S., and
ALBERTO GONZALES, ATTORNEY
GENERAL,

       Respondents.

_____/


## ORDER

This cause is before the Court upon receipt of notification from the United States Postal Service that Petitioner can no longer be contacted at his address of record.  On September 19, 2005, the Clerk mailed a Notice of Designation to Petitioner at his address of record (Dkt. 3). On September 26, 2005, the envelope was returned to the Clerk's office marked "return to sender; attempted not known; gone."  The Court entered an order on October 25, 2005, regarding service of the petition.  The Clerk mailed a copy of the order to Petitioner at his address of record.  On November 7, 2005, the envelope was returned to the Clerk's office marked "return to sender, attempted not known."

On June 27, 2006, the Court entered an order directing Petitioner to show cause within 15 days why this matter should not be dismissed for failure to prosecute (Dkt. 5). On

July 10, 2006, the envelope was returned to the Clerk's office marked "Not here. Notify sender of new address." The envelope was remailed to the address on a yellow label attached thereto.  On July 24, 2006, Petitioner's mail was again returned to the Clerk's office marked "Not here." Petitioner has had no contact with this Court since he filed his petition on September 14, 2005.

There is nothing in the record indicating that any impediment exists which may have prevented Petitioner from apprising the Clerk of a change of address. A party has a duty to keep the Court informed of his/her address.  *See Lewis v. Conners Steel Co.*, 673 F.2d 1240 (11th Cir. 1982) (it is "fair and reasonable for [petitioner] to assume the burden of advising. . .of address changes or to take other reasonable steps to ensure delivery. . .to his current address."). *See also Dansby v. Albany County Correctional Facility Staff*, 1996 WL 172699 *1 (N.D.N.Y. 1996) (citing *Perkins v. King,* No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) ("It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.")).

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court can, in its own discretion, dismiss an action based on the failure of a petitioner to prosecute or comply with any order of the court. *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962); *Lopez v. Arkansas County Independent School District*; 570 F.2d 541 (5th Cir. 1978). This power to dismiss may be exercised when necessary to achieve the orderly and expeditious disposition of cases. *Hejl v. State of Texas*, 664 F.2d 1273 (5th Cir.), *cert. denied*, 456 U.S. 933 (1982), *reh. denied*, 456 U.S. 1001 (1982).

ACCORDINGLY, the Court **ORDERS** that:

1.  The  petition for habeas relief is **DISMISSED** without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

2.  The **Clerk** shall terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 26, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
*Pro se* Petitioner

SA:jsh